IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL LAWS and TANYA LAWS, as h/w | : | CIVIL ACTION |
| | : | |
| v. | : | 22-4588 |
| | : | |
| HUSQVARNA GROUP, et. al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                           **February 3, 2023**

In this diversity action, Plaintiffs Nathaniel and Tanya Laws assert numerous tort claims against various manufacturers and sellers associated with an allegedly faulty lawn mower. Defendants Husqvarna Consumer Outdoor Product, N.A., Inc., Husqvarna Professional Products, Inc., and Lowe's Home Centers, LLC ("Defendants") move to dismiss four of the nine claims in Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Amended Complaint fails to plead sufficient facts to state causes of action for fraud and breach of an implied warranty of fitness for a particular purpose, those claims will be dismissed. Similarly, Plaintiffs' "claims" of res ipsa loquitur and punitive damages will be dismissed because they are theories of recovery and not standalone claims. However, the Amended Complaint plausibly alleges Defendants breached the implied warranty of merchantability by manufacturing and selling a defective product. The Defendants' motion will therefore be granted in part and denied in part and Plaintiffs given leave to amend.

**FACTS**

Plaintiffs Nathaniel and Tanya Laws are husband and wife who reside in Willow Grove,

1

Pennsylvania. Am. Compl. ¶¶ 1-2, ECF No. 8. On an unknown date, Nathaniel[1] purchased a lawn mower manufactured by Husqvarna from Lowe's Home Center in Willow Grove. *Id.* ¶ 18. Nathaniel was operating the lawn mower on July 16, 2021, when the front left wheel detached, throwing him to the ground. *Id.* He suffered several injuries as a result, including a torn rotator cuff, spinal injuries, and other sprains and strains. *Id.* ¶ 37.

Plaintiffs sued Husqvarna and Lowe's in the Court of Common Pleas of Philadelphia County on October 12, 2022, under nine state law theories of liability. *See id.* ¶ 47 *et seq*. Defendants removed the case to this Court on November 16, 2022 on the basis of diversity jurisdiction. Notice of Removal 3-4, ECF No. 1. Defendants now move to dismiss Counts II, IV, VI, and VII of Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6).

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v.*

---

[1] For clarity, the Court refers to each of the Plaintiffs by first name when necessary.

*City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Defendants move to dismiss Count II (implied warranties), Count IV (fraud), Count VI (res ipsa loquitur), and Count VII (punitive damages) of the Amended Complaint. Taking all pled facts as true and deciding all inferences in the Laws' favor, the Court finds they have stated a claim for breach of an implied warranty of merchantability only. Accordingly, the Motion to Dismiss will be granted, except as to the breach of merchantability claim in Count II.

Under Pennsylvania law, breach of the implied warranty of merchantability is a wholly separate claim from breach of an implied warranty of fitness for a particular purpose. *See* 13 PA. CONS. STAT. §§ 2314, 2315. Pennsylvania law requires goods to be merchantable; they must be "fit for the ordinary purposes for which such goods are used." *Id.* § 2314(b)(3). A plaintiff may therefore state a claim for breach of the warranty of merchantability by demonstrating that goods, warranted merchantable by manufacture and sale, do not "have an inherent soundness which makes them suitable for the purpose for which they are designed." *Phillips v. Cricket Lighters*, 883 A.2d 439, 444 (Pa. 2005) (quoting *Gall by Gall v. Allegheny Cnty. Health Dep't*, 555 A.2d 786, 789-90 (Pa. 1989)). *See also Morello v. Kenco Toyota Lift*, 142 F. Supp. 3d 378, 380, 388 (E.D. Pa. 2015) (holding plaintiff plausibly pled a breach of implied warranty of merchantability for injuries suffered from forklift operating in reverse by claiming forklift was unfit for ordinary purpose of "moving merchandise in a warehouse" because it lacked certain safety features such as lights or noises when operating in reverse gear). Here, Plaintiffs allege the lawn mower was unfit for its ordinary purpose of mowing lawns, "demonstrated by the failure of the wheel to stay on the lawn mower while it was being used as a ride-on lawn mower." Am. Compl. ¶ 21, ECF No. 8. In alleging that Nathaniel was using the lawn mower for its ordinary purpose, and that the product

did not have the "inherent soundness" required for this purpose, the Amended Complaint plausibly states a claim for breach of the implied warranty of merchantability. *Phillips*, 883 A.2d at 444. The Motion to Dismiss is therefore denied on the merchantability portion of Count II.

However, in contrast to a breach of the warranty of fitness for an *ordinary* purpose, Plaintiffs have failed to plead a breach of implied warranty for a *particular* purpose.

> The warranty of fitness for a particular purpose is more exacting [than the warranty of merchantability]. It requires that the seller had reason to know of the buyer's particular purpose at the time of contracting and that the buyer was relying on the seller's expertise. In that case, the goods are implicitly warranted to be fit for that particular purpose.

*Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992) (citing 13 PA. CONS. STAT. § 2315). The Laws have conflated the two implied warranties and failed to identify any "particular purpose" for the lawn mower, known to the seller at the time of contracting, as distinct from its ordinary purpose to mow lawns. *See Morello*, 142 F. Supp. at 390 ("A safe, defect-free forklift goes to its 'ordinary purpose' not its 'particular purpose.'") Accordingly, Plaintiffs have failed to state a claim for a breach of the warranty of fitness for a particular purpose, and that portion of Count II will be dismissed.

Next, Defendants move to dismiss Count IV of the Amended Complaint, which claims fraud. Fraud is defined broadly in Pennsylvania, consisting of "anything calculated to deceive." *Moser v. DeSetta*, 589 A.2d 679, 682 (Pa. 1991). To demonstrate fraud, a plaintiff must show: "(1) a material factual misrepresentation; (2) made with knowledge or belief of its falsity; (3) with the intention that the other party rely thereon; (4) resulting in justifiable reliance to that party to his detriment." *Agathos v. Starlite Motel*, 60 F.3d 143, 147 (3d Cir. 1995). Fraud is also subject to heightened pleading requirements. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However,

4

"[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* This heightened standard "gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997).

The Amended Complaint fails to meet the heightened pleading standard for fraud under Rule 9(b) because it does not allege sufficient facts showing Defendants were aware of the falsity of their representations. Plaintiffs here allege Defendants "made numerous representations . . . about the quality and safety of the [lawn mower]" and "knew that their misrepresentations in [*sic*] reckless disregard for the truth or falsity of the representations." Am. Compl. ¶¶ 98, 101, ECF No. 8. While knowledge may be alleged generally, it still requires facts; a conclusory statement that Defendants "could have theoretically known about the flaw" is "not enough" under Rule 9(b). *Smith v. General Motors LLC*, 988 F.3d 873, 884 (6th Cir. 2021). For example, in a recent case with similar facts, the Sixth Circuit affirmed the dismissal of a fraud claim for failure to plead facts suggesting the defendant, General Motors, knowingly sold faulty cars. *Id.* at 875. The plaintiffs alleged General Motors must have known about the problems because of customer complaints on car websites regarding the defect and increased warranty claims. *Id.* at 885. The court found this "scant" evidence failed to "'state with particularity' factual allegations supporting the assertion that GM knew about the safety implications of the [defect]." *Id.* at 886. Plaintiffs here pled even fewer facts than those in *Smith* to suggest Defendants were aware of the alleged defect in the lawn mower. Simply stating that a product, purchased in the stream of commerce in a routine manner, ultimately malfunctioned is insufficient to support a fraud claim as it does not allege the manufacturer or seller had knowledge of the problem. Rule 9(b) demands more precision when

pleading fraud to prevent "frivolous lawsuits" resulting from every defective product sold. *See In re Burlington*, 114 F.3d at 1418. Accordingly, Defendants' Motion to Dismiss is granted as to Count IV.

Defendants also move to dismiss Count VI of the Amended Complaint, which alleges liability under the doctrine of res ipsa loquitur. Pennsylvania courts recognize res ipsa loquitur as an alternative theory of negligence when causation is difficult to prove. *See Gilbert v. Korvette's Inc.*, 327 A.2d 94, 99-100 (Pa. 1974). While Plaintiffs are free to argue res ipsa loquitur in proving their negligence claim (Count VII), the doctrine itself is not a cause of action. *See id.* (describing res ipsa as a "shorthand expression for circumstantial proof of negligence," rather than a rule of substantive tort law). "The res ipsa loquitur doctrine is simply a rule of evidence and like any other rule of evidence." *Fassbinder v. Pa. Ry. Co.*, 322 F.2d 859, 863 (3d Cir. 1963) (noting further that res ipsa loquitur "does not have to be pleaded in the complaint . . . since it is neither a cause of action nor a ground for recovery"). Therefore, because this claim is not recognized as a standalone cause of action, the Court will dismiss Count VI.

In the same way, Count VII's claim for punitive damages fails to state a claim upon which relief may be granted. Punitive damages are not a separate cause of action in Pennsylvania. *Waltman v. Fahnestock & Co.*, 792 F. Supp. 31, 33 (E.D. Pa. 1992); *see also Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("Since punitive damages are an element of damages arising out of the initial cause of action, if that cause of action is dismissed, the punitive damages which are incident to actual damages cannot stand."). As with res ipsa loquitur, Plaintiffs' claim for punitive damages will be dismissed because it is a theory of recovery and not a cause of action in and of itself.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss will be granted in part and denied in part, and Counts IV, VI, and VII dismissed. Count II will be dismissed only to the extent it relies on a theory of implied warranty of fitness for a particular purpose but denied insofar as it pleads a broader claim for breach of implied warranty of merchantability. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs will be given leave to amend ("The court should freely give leave when justice so requires.").

An appropriate Order follows.

BY THE COURT:

   _Juan R. Sánchez_  
Juan R. Sánchez, C.J.